UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ARTHUR BALL,

      Petitioner,

v.                        Case No. 24-cv-1250-bhl

WARDEN MICHAEL MEISNER,

      Respondent.

## ORDER GRANTING RESPONDENT'S MOTION TO DISMISS §2254 HABEAS PETITION

  On September 30, 2024, Petitioner Arthur Ball, a state prisoner incarcerated at Fox Lake Correctional Institution, filed a petition for writ of habeas corpus under 28 U.S.C. §2254. (ECF No. 1.) His petition asserts three grounds for relief: (1) he was denied his Sixth Amendment right to counsel when the trial court would not allow him to substitute counsel mid-trial; (2) the trial court violated his constitutional rights by refusing to allow a defense witness to testify; and (3) he was denied the effective assistance of counsel when his trial counsel failed to impeach three prosecution witnesses with prior inconsistent statements. (*Id.* at 7–9.) Respondent has moved to dismiss Ball's petition in its entirety, contending that Ball has procedurally defaulted all three claims by failing to fairly present them to the Wisconsin Supreme Court. (ECF No. 7.) Because the record confirms that Ball has failed to fairly present and exhaust his claims, those claims are now procedurally defaulted, and Respondent's motion to dismiss will be granted.

## BACKGROUND

  On February 7, 2019, a Sheboygan County jury convicted Ball of armed robbery, armed burglary, aggravated battery, and two counts of unlawful possession of a firearm. (ECF No. 1 at 3.) He was sentenced to 25 years of incarceration and 25 years of extended supervision. (*Id.*) On August 24, 2020, Ball's postconviction counsel filed a no-merit report pursuant to Wis. Stat. §809.32 and *Anders v. California*, 386 U.S. 738 (1967), indicating counsel believed Ball had no non-frivolous arguments on appeal. (*Id.* at 4; ECF No. 8-2 at 1–16.) Ball responded to counsel's report with a no-merit response brief. (ECF No. 8-2 at 20–29.) The report and response identified

and offered arguments on several issues, including all three issues he now seeks to raise on habeas. (*Id.* at 4–6, 22–27.) On May 3, 2023, the Wisconsin Court of Appeals determined his appeal had no merit and summarily affirmed his conviction. (ECF No. 8-3.)

Ball then filed a petition for review with the Wisconsin Supreme Court. (ECF No. 8-4). Ball's petition for review consisted of just two pages. He listed the issues he wished to present, including all three issues raised in his habeas petition, but did not include any substantive arguments in support of those arguments. (*Id.* at 2–3.) Rather than including substantive arguments in his petition, Ball's petition simply referred to "all arguments contained" in his appellate no-merit response brief, which he included in an appendix. (*Id.* at 2, 6–14.) On August 23, 2023, the Wisconsin Supreme Court denied review. (*Id.* at 21.)

## ANALYSIS

Respondent argues that Ball's habeas claims are barred because he did not properly exhaust them in the state courts, and they are now procedurally defaulted. (ECF No. 8 at 4, 10–11.) Under 28 U.S.C. §2254(b)(1)(A), a federal court cannot grant habeas relief unless the petitioner has exhausted his available state court remedies. The exhaustion requirement is "grounded in principles of comity," giving states the first chance to address and correct alleged federal rights violations. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). Exhaustion requires the petitioner to "fairly present" all federal claims through one complete round of the state's appellate review process before presenting his claims in federal court. *McDowell v. Lemke*, 737 F.3d 476, 482 (7th Cir. 2013) (citations omitted); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

For habeas purposes, a petitioner challenging his custody under a Wisconsin criminal judgment must first pursue his claims through all state court appellate procedures, including a petition for discretionary review to the Wisconsin Supreme Court. *See Hicks v. Hepp*, 871 F.3d 513, 530–31 (7th Cir. 2017); *see also* Wis. Stat. §809.62. Moreover, the petitioner must "fairly present" his federal claims in the petition for review by placing the controlling law and operative facts before the Wisconsin Supreme Court in a way that the state court was fairly alerted to any federal constitutional issues and able to resolve the issues presented based on that federal law. *See McDowell*, 737 F.3d at 482. A petitioner who has not fairly presented a federal claim to the Wisconsin Supreme Court has procedurally defaulted on that claim for habeas purposes, because any issues not properly presented in the petition for review cannot be relitigated. *See id.*; *see also Hicks*, 871 F.3d at 530–31.

## I. Ball's Federal Claims Are Barred from Habeas Review Because He Did Not Fairly Present Them to the Wisconsin Supreme Court.

In determining whether a habeas petitioner has fairly presented his federal claim in the state court, the primary determination is "whether the state courts were sufficiently alerted to the nature of [the petitioner's] federal constitutional claim." *White v. Gaetz*, 588 F.3d 1135, 1139 (7th Cir. 2009) (citing *Ellsworth v. Levenhagen*, 248 F.3d 634, 639 (7th Cir. 2001)). When the petitioner is representing himself, petitions for review are construed liberally. *See Perruquet v. Briley*, 390 F.3d 505, 512 (7th Cir. 2004). But while the Court must liberally construe Ball's petition, his unrepresented status does not excuse him from his obligation to fairly present his federal claims to the Wisconsin Supreme Court. *See id.* at 513–15.

In *Hicks v. Hepp,* the Seventh Circuit held that a habeas petitioner had failed to fairly present his federal ineffective assistance of counsel claim to the state court in similar circumstances. The habeas petitioner had filed a petition for review in the Wisconsin Supreme Court, but his petition simply identified an ineffective assistance of counsel claim without any supporting substantive argument. 871 F.3d at 523. The Seventh Circuit affirmed the district court's conclusion that the claim was procedurally defaulted, holding that the petitioner's conclusory assertions that his trial counsel made decisions that were not reasonable or strategic were insufficient to fairly present the federal claim to the Wisconsin Supreme Court. *Id.* at 530–32. Because the claim was not properly exhausted in the Wisconsin courts, procedural default barred consideration of its merits on habeas review. *Id.*

Under *Hicks*, Ball failed to fairly present his federal issues to the Wisconsin Supreme Court. His petition merely listed the issues he intended to present, without substantive argument. (*See* ECF No. 8-4 at 2.) As *Hicks* confirms, a mere recitation of a federal issue, without any argument or explanation as to why his federal rights were violated, is insufficient to meet the fair presentation requirement. Ball's petition did not describe the factual basis for the issues he identified, did not clearly indicate that he was raising challenges under federal law, and did not explain why he believed his federal rights were violated. This is insufficient for fair presentation. *See Hicks*, 871 F.3d at 531–32.

Ball seeks to avoid this conclusion by pointing out that his petition for review included a reference to his no-merits response brief, which he attached in an appendix. (ECF No. 11 at 4–5.) But both the United States Supreme Court and Seventh Circuit have held that fair presentment

cannot be accomplished through incorporation by reference. In *Baldwin v. Reese*, the Supreme Court held that a petitioner had not fairly presented his claims to the Oregon Supreme Court when he merely asserted that his trial counsel was ineffective in his state court filing, without asserting a violation of his Sixth Amendment rights. 541 U.S. 27, 30–32 (2004). The Supreme Court rejected the Ninth Circuit's conclusion that the petitioner's federal claims were fairly presented because the state justices could simply have read the lower court's decision and realized there were federal claims involved. *Id.* The Court held that state court judges are not required to read other documents beyond the petition to search out and find a petitioner's federal claims. *Id.* at 31. It further noted that Oregon's rules of appellate procedure required the petitioner to identify clearly in the petition itself: the legal questions presented; why those questions are of special importance; a statement of the facts; and reasons for reversal. *Id.* Since the petition at issue did not satisfy these requirements, the Court held the petitioner had not fairly presented his federal claims for review, barring their consideration on habeas. *Id.* at 31–32.

The Seventh Circuit applied *Baldwin* in *Lockheart v. Hulick*, where the relevant petition to the state supreme court explicitly referenced other documents containing the petitioner's federal claims. 443 F.3d 927 (7th Cir. 2006). Specifically, the *pro se* defendant asked the Illinois Supreme Court to read his appellate brief that he had previously filed in support of his request for review. *Id.* at 928–29. The Court of Appeals first noted that Illinois did not permit arguments by incorporation. *Id.* Then, applying *Baldwin*, the Seventh Circuit held that "only arguments in the main body of the petition have been preserved." *Id.* Accordingly, for fair presentation purposes, habeas petitioners must establish that they included their arguments in the main body of their petition for review, unless a state court rule provides otherwise.

Applying *Baldwin* and *Lockheart*, Ball's reference to his no-merit response was insufficient. Wisconsin's appellate rules do not require its justices to read Ball's no-merit response brief, and it does not permit arguments by incorporation.[1] Wis. Stat. §809.62(2)(e). Thus, only arguments in the main body of Ball's petition are preserved. *See Lockheart*, 443 F.3d at 929; *Baldwin*, 541 U.S. at 30–32. Ball's petition includes no arguments, and he has therefore not preserved any of his claims.

---

[1] Ball argues that the Wisconsin Supreme Court needed to review his no-merit response brief. (ECF No. 11 at 6.) This contention is unsupported by law. The case cited in support, *Robbins v. Hepp*, 15-CV-1343, 2022 WL 541560 (E.D. Wis. Feb. 23, 2022), provides only a cursory analysis of the fair presentment issue before denying the petition on other grounds.

Ball attempts to distinguish *Baldwin* and *Lockheart* by arguing that the inclusion of his no-merit response in the appendix made it part of his petition. (ECF No. 11 at 4–5.) This argument fails based on Wisconsin law. Under Wis. Stat. §809.62(2)(e), "[a]ll contentions in support of the petition must be set forth in the petition." And Section 809.62(2)(f) provides that a petitioner may file an appendix "[a]s a separate document," but it is not part of the petition itself. Ball did not include his contentions in his petition: he included them in the appendix, a separate document by statute. Accordingly, Ball failed to fairly present his federal claims in his petition to the Wisconsin Supreme Court and has thus procedurally defaulted on all three claims.

II. **Ball's Remaining Arguments for Avoiding his Procedural Default Are Unavailing.**

Ball offers three additional arguments to avoid procedural default. None are availing. Ball first argues that because the denial of his petition for review says that Ball's petition was "considered" by the Wisconsin Supreme Court, the Wisconsin Supreme Court did consider the petition on the merits. (ECF No. 11 at 2–3.) Wording aside, the Wisconsin Supreme Court's rejection of his petition does not mention the merits of his arguments. (*See* ECF No. 8-4 at 21.) The Court is required to presume that the state court's denial of his petition was based on a procedural error when there is no mention of the merits in the order or opinion and issues are not presented in a procedurally correct manner. *Wallace v. Duckworth*, 778 F.2d 1215, 1223 n.5 (7th Cir. 1985); *see also State v. Hicks*, 829 N.W.2d 751 (Wis. 2013) (unpublished table decision) (denying petition for review). Accordingly, the Court presumes that the Wisconsin Supreme Court based its denial on Ball's procedural missteps.

Ball next argues that because Respondent did not object to his petition at the state court on procedural grounds, all procedural objections are waived. (ECF No. 11 at 3–4.) Waiver occurs when the respondent "intentionally relinquishes a known right." *Lewis v. Sternes*, 390 F.3d 1019, 1029 (7th Cir. 2004). Ball's argument is misplaced. Procedural default is a *federal* defense and therefore must be raised at the federal level. *See Oaks v. Pfister*, 863 F.3d 723, 726 (7th Cir. 2017) ("Procedural default is a defense to *federal* habeas corpus review." (emphasis added)). The appropriate time for Respondent to raise the procedural default argument was in response to Ball's petition for federal habeas corpus review, not in response to his petition for review by the Wisconsin Supreme Court. Respondent did exactly that. Ball's waiver argument therefore fails.

Last, Ball argues that because his habeas petition concerns the no-merit process he cannot have procedurally defaulted on his claims. (ECF No. 11 at 5–6.) His argument relies upon Seventh

Circuit law addressing certain aspects of Wisconsin's complex criminal appeals process—a process that has little relevance to Ball's case. *See Garcia v. Cromwell*, 28 F.4th 764, 771 (7th Cir. 2022) ("[T]he criminal appeal process in Wisconsin is unusual and characterized by some counterintuitive complexity." (cleaned up) (citations omitted)); *see also Page v. Frank*, 343 F.3d 901, 907–09 (7th Cir. 2003) (explaining Wisconsin criminal post-conviction procedure); *Jackson v. Richardson*, 629 F.Supp.3d 866, 870–71 (E.D. Wis. 2022) (explaining the same). Under Wisconsin post-conviction procedure, when a no-merits brief is filed, a defendant can, in some situations, lose his right to bring an ineffective assistance of counsel claim in that state for procedural reasons. *See Page*, 343 F.3d at 908–09. The Seventh Circuit has therefore held that when the Wisconsin Court of Appeals will not review an ineffective assistance of counsel claim because a no-merits brief was filed, federal courts may still review the claim. *Jackson*, 629 F.Supp.3d at 871–72 (citing *Page*, 343 F.3d at 909). The basis for this rule has since been brought into question by the Wisconsin Supreme Court's ruling in *State v. Allen*, which allows a defendant to raise an ineffective assistance of trial counsel claim in a no-merit response and have that argument considered on the merits by the Wisconsin Court of Appeals. *See* 786 N.W.2d 124, 139–40 (Wis. 2010); *see also Morales v. Boatwright*, 580 F.3d 653, 661 n.5 (7th Cir. 2009); *Jackson*, 629 F.Supp.3d at 871. That is exactly what happened here. Ball raised ineffective assistance of trial counsel claims in his no-merits response brief, and the Wisconsin Court of Appeals considered and rejected those claims on the merits. (*See* ECF No. 8-3.) The issue for Ball is not that he was caught in a procedural trap or that he was deprived of his opportunity for review of his ineffective assistance claims. Ball's problem is that he failed to fairly present those same claims when given the opportunity. Nothing in the caselaw Ball invokes relieves a petitioner of his duty to fairly present his claims just because a no-merit report was filed. Accordingly, Ball has procedurally defaulted on his claims by failing to fairly present them to the Wisconsin Supreme Court.

**III. Ball's Claims Must Be Dismissed Because He Has Not Shown Cause and Prejudice or a Fundamental Miscarriage of Justice.**

The foregoing shows that Ball's claims are procedurally defaulted, but procedural default does not impose an absolute bar to relief. *See Perruquet*, 390 F.3d at 514. The Court may review the merits of Ball's procedurally defaulted claims if Ball demonstrates cause and prejudice for his default or shows that the Court's failure to consider his claims will result in a fundamental miscarriage of justice. *See id.* Ball, however, does not attempt to argue that either exception

applies. (*See* ECF No. 11.) Accordingly, the Court cannot review the merits of his claims, and Respondent's motion to dismiss will be granted.

## CERTIFICATE OF APPEALABILITY

Under Rule 11(a) of the rules Governing Section 2254 Cases, the Court must consider whether to issue a certificate of appealability. A court may issue a certificate of appealability only if the applicant makes a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. §2253(c)(2). The standard for making a "substantial showing" is if "reasonable jurists could debate whether (or for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (cleaned up) (citation omitted). The Court declines to issue a certificate of appealability because reasonable jurists could not debate the Court's decision to deny the petition.

## CONCLUSION

For the above reasons,

**IT IS HEREBY ORDERED** that Respondent's motion to dismiss, ECF No. 7, is **GRANTED** and Ball's Petition for Writ of Habeas Corpus, ECF No. 1, is **DISMISSED**. The Clerk of Court is instructed to enter judgment accordingly.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because the Court does not find that a reasonable jurist could conclude that the petition should have been resolved in a different manner. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated at Milwaukee, Wisconsin on August 15, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge